**July 13, 2016**

In re Sheri Speer, No. 3:16-cv-313(RNC)

**ORDER denying [7] Motion to Dismiss Appeal.**

    Bankruptcy debtor Sheri Speer, proceeding pro se, seeks review of a bankruptcy court order denying reconsideration of an earlier order denying Ms. Speer's motion to quash a subpoena served on non-party City of Norwich.  Appellee Seaport Capital Partners, LLC moves to dismiss the appeal, arguing that the order at issue is interlocutory and therefore not properly before this Court.  I assume the parties' familiarity with the underlying facts and procedural history of this case, which I reference only as necessary to explain my decision.

    "[D]enial of a motion to quash a subpoena . . . is ordinarily not an appealable final order. . . . As a rule, denial of a motion to quash becomes appealable only after the person served with the subpoena refuses to comply and has been held in contempt."  In re Grand Jury Subpoena Duces Tecum Dated May 29, 1987, 834 F.2d 1128, 1130 (2d Cir. 1987).  However, when the subpoena "is directed against a third party who is unlikely to risk being held in contempt to vindicate someone else's rights," an order denying a motion to quash is appealable under the collateral order doctrine.  Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (quoting In re Grand Jury, 834 F.2d at 1130) (internal quotation marks omitted).  Because the subpoena Ms. Speer seeks to challenge falls into this latter category, the Court can consider an appeal of the order denying reconsideration.  Accordingly, Seaport's motion to dismiss is denied.

    Ms. Speer is directed to file her initial brief on or before July 25, 2016.  Seaport will have until August 24, 2016 to respond.  Any reply must be submitted on or before September 7, 2016.

    So ordered.

                               /s/ RNC
                         Robert N. Chatigny
                 United States District Judge